IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREWS et al, | REPORT AND RECOMMENDATION |
| Plaintiffs, | |
| v. | Case No. 2:19-cv-00287-TC-CMR |
| LUDLOW et al, | District Judge Tena Campbell |
| Defendants. | Magistrate Judge Cecilia M. Romero |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 77). Before the court is Defendants Travis J. Ludlow (Ludlow) and Priority Homes, LLC's (Priority) (collectively, Defendants) Motion to Dismiss (ECF 38) and Motion to Strike (ECF 40). Also before the court is Plaintiff Thomas E. Andrews (Andrews) and Ruthellen Sheflin's (Sheflin) (collectively, Plaintiffs) Motion to Amend (ECF 65). Having carefully considered the relevant filings, the undersigned RECOMMENDS that the court grant in part and deny in part Defendants' Motion to Dismiss, deny Defendants' Motion to Strike, and grant in part and deny in part Plaintiffs' Motion to Amend.

## I.      BACKGROUND

Plaintiffs' claims arise from the alleged breach of a real estate purchase contract (REPC), signed by Plaintiffs as buyers and Defendants Ludlow and Priority as sellers, for the construction of a single family home on an unimproved lot. As alleged in the Amended Complaint, the lot was originally owned by Plaintiff Andrews before he sold it to Plaintiff Sheflin who then transferred it to Robert and Janice Bowns (Bowns) and finally to Defendant Priority. Plaintiffs allege that after they signed the REPC, paid $1,500 earnest money, and delivered appliances and

other personal property to the lot, Defendants Ludlow and Priority wrongfully sold the home and the lot to Defendant Watts.

On April 29, 2019, Plaintiffs filed their original complaint this action against Defendants Ludlow, Priority, and Heidi Watts (Watts) (ECF 1).  Plaintiffs thereafter requested leave to amend their complaint to include additional factual allegations (ECF 30).  On January 8, 2020, the court granted Plaintiffs' request and ruled that the Amended Complaint (ECF 35) was the operative complaint in this case (ECF 34 at 2).  The court also noted that Watts had not been timely served and ordered Plaintiffs to serve Watts no later than February 14, 2020 (ECF 34 at 3).  Without leave of court, Plaintiffs then filed a series of "Notice[s] to Party of Name Added to the Case as a Defendant" (ECF 32; ECF 33) and a "Third Amended Complaint" (ECF 37) with an additional eight named defendants.

In response, Defendants Ludlow and Priority filed their Motion to Dismiss Claims with Prejudice (Motion to Dismiss) pursuant to Fed. R. Civ. P. 12(b)(6) (ECF 38).  Defendants also filed their Motion to Strike Third Amended Complaint and Notices to Add Named Defendants (Motion to Strike) on the ground that Plaintiffs were improperly seeking to amend their pleadings without leave of court (ECF 40).  Plaintiffs did not file opposition memoranda in response to either of Defendants' Motions.  Instead, Plaintiffs filed a "Notice of Amended Complaint Filed as a Matter of Course," arguing that the Third Amended Complaint was properly filed, and later filed a "Notice of Withdrawal of Wrongfully Filed Item on Docket; #37" withdrawing their Third Amended Complaint (ECF 76).

Plaintiffs also filed their Motion for Leave to File Amended Complaint (Motion to Amend) pursuant to Fed. R. Civ. P. 15(a)(2) arguing that amendment at this early stage in the case would not prejudice Defendants (ECF 65 at 1–2).  Defendants oppose Plaintiffs' Motion to

Amend on the grounds that it was filed in bad faith and will cause unnecessary delay and undue prejudice to Defendants (ECF 67 at 3–4).  Plaintiffs did not file a reply memorandum in response.

## II.     DISCUSSION

Because Plaintiffs are proceeding *pro se*, the court construes their pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, it is not the court's function to assume the role of advocate on behalf of a pro se litigant.  *See id.*  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico,* 113 F.3d 1170, 1173–74 (10th Cir. 1997).  The court will review the pending motions in light of these standards.

### A.     Motion to Strike

Defendants' Motion to Strike (ECF 40) requests that the court strike Plaintiffs' Third Amended Complaint (ECF 37) and notices adding eight named defendants to this case (ECF 32; ECF 33).  The court agrees that these amendments were improperly filed in violation of Rule 15.  *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.").  However, Plaintiffs have since filed a notice (ECF 76) withdrawing their Third Amended Complaint (ECF 37) and have filed their Motion to Amend (ECF 65) with a new version of the Third Amended Complaint (ECF 65-1) seeking to add eight named defendants and some additional claims for relief.  The court finds that these filings have rendered Defendants' Motion to Strike moot.  Moreover, the court's prior January 8, 2020 Order makes clear that the operative pleading in this case is the Amended Complaint (ECF 34 at 2).

The undersigned therefore RECOMMENDS that Defendants' Motion to Strike be denied as moot.

### B.      Motion to Dismiss

As an initial matter, the court notes that Plaintiffs failed to file an opposition memorandum in response to Defendants' Motion to Dismiss, which in itself is grounds to grant Defendants' Motion.  *See* DUCivR 7-1(d) ("Failure to respond timely to a motion . . . may result in the court's granting the motion without further notice.").  However, in light of Plaintiffs' pro se status, the court construes the various motions Plaintiffs filed in response to Defendants' Motion to Dismiss as a series of efforts to challenge the dismissal of this case.  As set forth in the court's order denying those motions (ECF 78), those efforts have failed.  Moreover, as explained below, Plaintiffs' claims are in a large part subject to dismissal.

Defendants request dismissal of Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF 38).  A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  A pleading that contains "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" is insufficient. *Id.*  A pleading that offers "labels and conclusions," consists of "a formulaic recitation of a cause of action's elements," or tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient.  *Twombly*, 550 U.S. at 555–557.

Plaintiffs' Amended Complaint asserts the following nine causes of action: (1) Count I – Fraud (First Cause of Action); (2) Count II – Breach of Contract (Second Cause of Action);

(3) Count III – Conversion (Third Cause of Action); (4) Count IV – Fraud in the Inducement

(Fourth Cause of Action); (5) Count V – Constructive Fraud (Fifth Cause of Action); (6) Count

VI – Equitable Estoppel (Sixth Cause of Action); (7) Count VII – Civil Conspiracy (Seventh

Cause of Action); (8) Count IX – Breach of Fiduciary Duty (Eighth Cause of Action); (9) Count

X – Aiding and Abetting Breach of Fiduciary Duty (Ninth Cause of Action) (ECF 35).[1]   The

court will address each claim in turn.

       1.    <u>Fraud Claims</u>

Plaintiffs' First, Fourth, and Seventh Causes of Action for fraud, fraud in the inducement,

and civil conspiracy are based on the same allegations that Defendants Ludlow and Priority made

misrepresentations to Plaintiffs in connection with the REPC.  Specifically, Plaintiffs allege that

"[w]hen Defendant Ludlow first allowed Plaintiffs to enter into agreement for the construction of

the new home, he made certain representations regarding its completion and ultimate use for the

benefit of the Plaintiffs" and that "Defendant knew these representations to be false when they

were made" (ECF 35, ¶ 22).  Plaintiffs claim that Defendants' failure to transfer the property to

Plaintiff Sheflin as promised and selling the property to Defendant Watts are evidence of

fraudulent intent to induce Plaintiff Sheflin to sign the REPC in order to convert her property for

their own use and enjoyment (ECF 35, ¶¶ 23–25, 44, 47–48, 66–68).

Under Utah law, the elements of fraud are "(1) that a representation was made

(2) concerning a presently existing material fact (3) which was false and (4) which the

representor either (a) knew to be false or (b) made recklessly, knowing that there was insufficient

---

[1] As noted by Defendants, Plaintiffs' Amended Complaint does not contain a Count XIII (ECF 38 at 1 n.1).  For the purposes of continuity and ease of reference, the court will refer herein to Count IX for Breach of Fiduciary Duty as the Eighth Cause of Action and to Count X for Aiding and Abetting Breach of Fiduciary Duty as the Ninth Cause of Action.

knowledge upon which to base such a representation, (5) for the purpose of inducing the other

party to act upon it and (6) that the other party, acting reasonably and in ignorance of its falsity,

(7) did in fact rely upon it and (8) was thereby induced to act (9) to that party's injury and

damage." *Mitchell v. Wells Fargo Bank*, 355 F. Supp. 3d 1136, 1160–61 (D. Utah 2018)

(citation and internal quotation marks omitted).

Defendants argue that Plaintiffs' fraud claims fail because Plaintiffs have failed to show a

false representation by Defendant Ludlow that Plaintiffs relied on in transferring the lot (ECF 38

at 10).  Defendants contend that Plaintiffs could not have transferred the lot in reliance on a

representation by Defendant Ludlow because Plaintiffs transferred the lot to the Bowns prior to

meeting with Defendant Ludlow about construction of a home (ECF 38 at 10).  Defendants

further contend that although Plaintiffs imply that they transferred the lot to Defendant Priority,

Plaintiffs admit in paragraph 27 of the Amended Complaint that that the lot was transferred

directly from the Bowns to Defendant Priority (ECF 38 at 12).

The court agrees that Plaintiffs' allegations are insufficient to support their fraud claims.

Rule 9 imposes a heightening pleading requirement for fraud claims such that a party "alleging

fraud . . . must state with particularity the circumstances constituting fraud[.]"  Fed. R. Civ. P.

9(b).  This particularity requirement is satisfied where the complaint "set[s] forth the time, place

and contents of the false representation, the identity of the party making the false statements and

the consequences thereof."  *Tal v. Hogan*, 453 F.3d 1244, 1263 (10th Cir. 2006) (citations and

internal quotation marks omitted).  Here, Plaintiffs fail to identify with sufficient particularity the

alleged misrepresentations by Defendant Ludlow that underlie their fraud claims.  It is not

enough to allege that Defendant Ludlow made "certain representations" to Plaintiffs that induced

them to sign the REPC (ECF 35 ¶ 22).  To meet the particularity requirement, Plaintiffs must

identify not only the identity of the party who made the false statements and the consequences

thereof, but also the time, place, and, most importantly, the contents of the alleged false

representations, which Plaintiffs failed to do.  Plaintiffs' fraud claims largely consist of

recitations of the elements and accusations lacking factual support.  To the extent factual support

is provided, the court agrees with Defendants that the allegations are at times illogical and

contradictory and do not support Plaintiffs' accusations that Defendants' misrepresentations

induced Plaintiffs to transfer the lot.  However, at first glance, Plaintiffs' proposed Third

Amended Complaint includes more particularized allegations about the misrepresentations

forming the basis of their fraud claims (ECF 65-1 ¶¶ 14–15).  In making this observation, the

court does not address the strength of these new allegations but merely notes some detail has

been provided which indicates Plaintiffs may be able to add more detail and clarification.

Accordingly, the undersigned RECOMMENDS that Defendants' Motion to Dismiss be

GRANTED as to Plaintiffs' First and Fourth Causes of Action, but that Plaintiffs' fraud and

fraud in the inducement claims be dismissed without prejudice so that Plaintiffs may amend their

claims.

Defendants argue that Plaintiffs' civil conspiracy claim also fails because it is based on

the same allegations as the fraud claims, which are subject to dismissal (ECF 38 at 13).  A civil

conspiracy claim "require[s], as one of [its] essential elements, an underlying tort." *Puttuck v.

Gendron*, 2008 UT App 362, ¶ 21, 199 P.3d 971, 978 (citation and internal quotation marks

omitted).  "Where plaintiffs have not adequately pleaded *any* of the basic torts they allege . . .

dismissal of their civil conspiracy claim is appropriate." *Id.* (citation and internal quotation

marks omitted).  The court agrees that because Plaintiffs have failed to adequately plead the

underlying tort of fraud, Plaintiffs' civil conspiracy claim is also subject to dismissal for failure

to state a claim.  In light of the additional allegations supporting the fraud claims in the proposed

Third Amended Complaint (ECF 65-1), the undersigned RECOMMENDS that Defendants'

Motion to Dismiss be GRANTED as to Plaintiffs' Seventh Cause of Action, but that Plaintiffs'

civil conspiracy claim be dismissed without prejudice.

2.    <u>Contract Claim</u>

Plaintiffs' Second Cause of Action is a breach of contract claim.  To state a claim for

breach of contract, Plaintiffs must allege "(1) [the existence of] a contract, (2) performance by

the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."

*Roberts v. C.R. England, Inc.*, 318 F.R.D. 457, 509 (D. Utah 2017) (citation and internal

quotation marks omitted).  Here, Plaintiffs allege that (1) Defendants Ludlow and Priority

entered into a REPC with Plaintiffs, (2) Plaintiff Sheflin paid a $1,500 earnest money deposit

under the REPC, (3) Defendants Ludlow and Priority breached multiple provisions of the REPC

by failing to return the property to Plaintiffs, selling, encumbering, and changing the title to the

home and lot, and failing to give required notices to Plaintiffs, and (4) thereby caused Plaintiffs

to suffer monetary damages in excess of $300,000 (ECF 35 ¶¶ 11, 36–37).  The court finds that

at this stage of the case, Plaintiffs have adequately pleaded each element of their breach of

contract claim against Defendants Ludlow and Priority.

However, Defendants do not argue that Plaintiffs have failed to adequately plead their

breach of contract claim.  Instead, Defendants argue that Plaintiff Andrews lacks standing to

bring a breach of contract claim under the REPC because unlike Plaintiff Sheflin, he does not

have an interest in the property that is the subject of the REPC or in the earnest money (ECF 38

at 15–16).  The court disagrees.  Plaintiff Andrews has standing to bring a breach of contract

claim as a party to the contract that is the subject of this lawsuit.  As alleged in the Amended

8

Complaint, Plaintiff Andrews signed and entered the REPC as a buyer along with Plaintiff Sheflin (ECF 35 ¶ 8; ECF 35-1).  Therefore, to the extent there was a breach of the REPC by Defendants Ludlow and Priority as sellers, both buyers have standing as signatories to the operative document.  Because Plaintiffs have stated a breach of contract claim against Defendants Ludlow and Priority, the undersigned RECOMMENDS that Defendants' Motion to Dismiss be DENIED as to Plaintiffs' Second Cause of Action.

3.   Tort Claims

Plaintiffs' Third and Sixth Causes of Action assert claims for conversion and equitable estoppel.  Plaintiffs' conversion claim alleges that they are the rightful owners of the lot and that Defendants took title and deed to the property by "false and deceptive means" through "the ultimate sale of their property to a third party purchaser" (ECF 35 ¶¶ 40–41).  Plaintiffs' equitable estoppel claim is based on allegations that Plaintiffs "relied on the representations of Defendant Ludlow and the terms of [the REPC]" (ECF 35 ¶ 61).

Defendants argue that Plaintiffs' conversion and equitable estoppel claims are tort claims that are barred under the economic loss rule because they are based on duties set forth in the REPC (ECF 38 at 8).  Utah's economic loss rule provides that "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law."  *KTM Health Care Inc. v. SG Nursing Home LLC*, 2018 UT App 152, ¶ 70, 436 P.3d 151, 169–170 (emphasis, citation, and internal quotation marks omitted).  "If the tort alleges a breach of a duty that the contract itself imposes, then the claim is barred; the plaintiff can sue only for contract-based remedies."  *Id.* at ¶ 71.  Where "the exact same conduct is described in both the contract and tort claims, and the

exact same facts and circumstances are at play, is indicative of the overlapping duties in this case." *Id.* at ¶ 79 (citation and internal quotation marks omitted).

Here, as explained above, Plaintiffs' contract claim is based on allegations that Defendants Ludlow and Priority breached their duties under the REPC by selling the home and lot to third party purchaser Defendant Watts. Plaintiffs' tort claims for conversion and equitable estoppel are based on essentially the same conduct with supporting facts alleging that Defendants acted contrary to the terms of the REPC. These claims are therefore barred under the economic loss rule and fail as a matter of law. Accordingly, the undersigned RECOMMENDS that Defendants' Motion to Dismiss be GRANTED as to Plaintiffs' Third and Sixth Causes of Action and that Plaintiffs' conversion and equitable estoppel claims be dismissed with prejudice.

4.    <u>Fiduciary Duty Claims</u>

Plaintiffs' Fifth, Eighth, and Ninth Causes of Action for constructive fraud, breach of fiduciary duty and aiding and abetting breach of fiduciary duty are all based on allegations that Defendants breached fiduciary duties owed to Plaintiffs. Plaintiffs claim that "[b]y accepting the deed to the real property and the deposit monies from Plaintiffs, Defendants have created a fiduciary relationship with the Plaintiffs and owed to the Plaintiffs the fiduciary duty not to do any harm to their property" (ECF 35 ¶ 53). Plaintiffs further claim that Defendants "acting as escrow, owed to Plaintiffs a fiduciary duty to act, at all times with utmost good faith, loyalty, and in the best interest[]s of the Plaintiffs" and that each Defendant "assisted Defendant Ludlow in his scheme to breach his fiduciary duties to the Plaintiffs by constantly failing to act in good faith" (ECF 35 ¶¶ 71, 78).

Defendants argue that Plaintiffs' breach of fiduciary duty claims fail because Plaintiffs' payment of earnest money is insufficient to support the existence of a confidential or fiduciary

relationship (ECF 38 at 15).  "In a breach of fiduciary duty claim, the plaintiff must demonstrate the existence of a fiduciary relationship between the plaintiff and the defendant, which gives rise to a particularized and enhanced duty of care."  *Gables at Sterling Vill. Homeowners Ass'n, Inc. v. Castlewood-Sterling Vill. I, LLC*, 2018 UT 04, ¶ 56, 417 P.3d 95, 110 (citations and internal quotation marks omitted).  Similarly, a required element of a constructive fraud claim is "a confidential relationship between the parties," *Jensen v. IHC Hosps.*, 944 P.2d 327, 339 (Utah 1997), and in Utah, "a fiduciary relationship and a confidential relationship are considered one and the same," *d'Elia v. Rice Dev., Inc.*, 2006 UT App 416, ¶ 55, 147 P.3d 515, 527.

 "To determine whether a duty arises outside of a contract, [courts] analyze the nature of the parties' relationship."  *HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, 208 F. Supp. 3d 1193, 1199 (D. Utah 2016) (quoting *Donner v. Nicklaus*, 778 F.3d 857, 873 (10th Cir. 2015)).  Utah courts have recognized that "certain relationships that involve disparities in knowledge, sophistication, or bargaining power may create common-law fiduciary duties on the part of the advantaged party," such as, "the duty of a contractor-seller to reveal information to the purchaser of a home."  *Id.*  This duty is limited to information that is material, meaning that "the information must be 'important,'" with its importance "gauged by the degree to which the information could be expected to influence the judgment of a person buying property or assenting to a particular purchase price."  *Yazd v. Woodside Homes Corp.*, 2006 UT 47, ¶ 34, 143 P.3d 283, 289.

Here, though inartfully expressed, Plaintiffs' allegations that Defendants were "acting in escrow" in accepting Plaintiffs' payment of earnest money appear to be an attempt to highlight a disparity in knowledge or sophistication between Plaintiffs, as homebuyers, and Defendants Ludlow and Priority, as sellers, in entering the REPC.  However, even assuming that as sellers

Defendants Ludlow and Priority owed a common-law fiduciary duty to Plaintiffs, this duty would have been limited to revealing material information to Plaintiffs and would not have included the various other duties alleged by Plaintiffs.  Moreover, any such duty owed by a seller would not extend to a third party purchaser such as Defendant Watts.  In any event, Plaintiffs' single conclusory allegation in Plaintiffs' Amended Complaint that Defendant Ludlow's unspecified misrepresentations were material (ECF 35 ¶ 26) is insufficient to state a claim.  Accordingly, the undersigned RECOMMENDS that Defendants' Motion to Dismiss be GRANTED as to Plaintiffs' Fifth, Eighth, and Ninth Causes of Action, but that these claims be dismissed without prejudice.

### C.       Motion to Amend

Plaintiffs seek to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) for the purpose of adding new defendants, claims, and factual allegations (ECF 65).[2] Rule 15 permits the court to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).  As an initial matter, the court notes that Defendants have not argued that Plaintiffs' amendments would be futile.  As explained above, Plaintiffs' proposed amended complaint includes additional factual allegations which appear to be supportive of their claims.  The court therefore finds that amendment for the addition of

---

[2] Defendants inaccurately represented in their opposition that, other than the new defendants, Plaintiffs' proposed Third Amended Complaint (ECF 65-1) was the same as the Amended Complaint (ECF 35).  (*See* ECF 67 at 3).  The court reminds counsel of their obligation to ensure the accuracy of their representations to the court.  *See* Fed. R. Civ. P. 11(b).

factual allegations would further the interests of justice in allowing Plaintiffs an opportunity to cure deficiencies with their existing claims. Accordingly, the undersigned RECOMMENDS that Plaintiffs' Motion to Amend be GRANTED as to the addition of factual allegations supporting their existing claims as set forth above.

Defendants oppose Plaintiffs' other proposed amendments on the grounds of bad faith, undue delay, and undue prejudice (ECF 67 at 3–4). First, Defendants argue that Plaintiffs' Motion to Amend was filed in bad faith because the proposed amended complaint seeks to add defendants without supporting allegations, the additional defendants have no connection to the present dispute, and Plaintiffs have repeatedly filed frivolous motions (ECF 67 at 3–4). Plaintiffs' proposed amended complaint includes the addition of eight new defendants: (1) Deeann Ludlow, (2) Steven Ludlow, (3) Gloria Ludlow, (4) Garrison Ludlow, and (5) Radona Ladlow (collectively, the Ludlows); (6) McKenley Park and (7) Emily Park (collectively, the Parks); and (8) GT Title (ECF 65-1). Considering Plaintiffs' pro se status, the court does not find that deficiencies in Plaintiffs' Motion to Amend or other motions rise to the level of bad faith.

Nonetheless, the court agrees with Defendants that Plaintiffs' have failed to include sufficient allegations in their proposed amended complaint to support the addition of these new defendants. Other than the allegations identifying them as parties, there are no allegations in the proposed Third Amended Complaint regarding the Ludlows or their connection to the present dispute. Plaintiffs include only one allegation regarding the Parks and GT Title asserting that Defendant Watts sold the home to the Parks with the assistance of GT Title (ECF 65-1 ¶ 24). The court agrees that this allegation has no bearing on any of Plaintiffs' claims, which arise from Defendant Priority and Ludlow's sale of the home to Defendant Watts. Accordingly, the

undersigned RECOMMENDS that Plaintiffs' Motion to Amend be DENIED as to the addition of new defendants.

Defendants argue that allowing amendment would cause undue delay because they would need to file another motion to dismiss and this case is already nearly a year old (ECF 67 at 4). "'Lateness does not itself justify the denial of the amendment[,]'" but undue delay "may be found if the plaintiff was aware of the facts long before filing the motion to amend." *Conlin v. RU Cliff, LLC*, No. 2:17-CV-1213-TC-DBP, 2019 WL 5788695, at *10 (D. Utah Nov. 6, 2019) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)). Plaintiffs seek to add five new claims to this action: (1) promissory estoppel; (2) constructive trust; (3) unjust enrichment; (4) intentional interference with contractual relations; and (5) violation of RICO (ECF 65-1). Plaintiffs claim that the new defendants and claims are based on information uncovered during discovery (ECF 65 at 1). However, review of Plaintiffs' proposed Third Amended Complaint reveals that, with the exception of the RICO claim, all of these new claims arise out of the same basic facts that underlie Plaintiffs' existing claims—Defendants' failure to return the lot, home, and personal property as allegedly promised (ECF 65-1 ¶¶ 42, 66, 73, 78). The court finds undue delay in bringing these claims because Plaintiffs were aware of these facts at the time they filed their Amended Complaint. The undersigned therefore RECOMMENDS that Plaintiffs' Motion to Amend be DENIED as to the addition of four of Plaintiffs' claims, specifically claims for promissory estoppel, constructive trust, unjust enrichment, and intentional interference with contractual relations. The court addresses the RICO claim below.

Finally, Defendants argue that amendment would cause undue prejudice because of the substantial time and expense that was already expended on Defendants' Motion to Dismiss and that would need to be expended on another motion to dismiss (ECF 67 at 4). "Courts typically

find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment.  Most often, this occurs when the amended claims arise out a subject matter different from what was set forth in the complaint raise significant new factual issues." *Minter*, 451 F.3d at 1208 (citation and internal quotation marks omitted).  The court is not persuaded that the time and expense of filing another motion to dismiss constitutes undue prejudice.  However, the court finds that Plaintiffs' proposed RICO claim would cause undue prejudice to Defendants because it arises from an entirely different subject matter in criminal law.  "RICO" appears to be a reference to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq*., a criminal statute punishing racketeering activity by criminal organizations.  This claim therefore raises significant new factual issues unrelated to Plaintiffs' existing civil claims.  Accordingly, the undersigned RECOMMENDS that Plaintiffs' Motion to Amend be DENIED as to the addition of a claim for violation of RICO.

### D.    Defendant Watts

Finally, the court addresses Plaintiffs' failure to timely serve Defendant Watts.  Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed R. Civ. P. 4(m).  In its January 8, 2020, the court warned Plaintiffs that Defendant Watts would be dismissed if she was not served before February 14, 2020 (ECF 34 at 3).  Plaintiffs failed to serve Defendant Watts or request an extension of time for service before that date.  Instead, Plaintiffs filed their Motion for Alternative Service (ECF 53) on that date and an additional declaration well after that date on March 26, 2020 (ECF 75), which the court has since denied (ECF 78).  It has now been nearly a year since the original complaint in this case was filed on

April 29, 2019 (ECF 1).  The court therefore finds that Plaintiffs have failed to show good cause

for any additional extensions of time for service of Defendant Watts.  The court therefore

RECOMMENDS that Plaintiffs' claims against Defendant Watts be dismissed without prejudice.

## RECOMMENDATION

In summary, IT IS HEREBY RECOMMENDED that:

1. Defendants' Motion to Strike (ECF 40) be DENIED as moot;

2. Defendants' Motion to Dismiss (ECF 38) be GRANTED IN PART and DENIED IN

    PART as follows:

    a. Defendants' Motion to Dismiss be denied as to Plaintiffs' Second Cause of

        Action;

    b. Defendants' Motion to Dismiss be granted as to Plaintiffs' First, Fourth, Fifth,

        Seventh, Eighth, and Ninth Causes of Action, which claims should be dismissed

        without prejudice;

    c. Defendants' Motion to Dismiss be granted as to Plaintiffs' Third and Sixth Causes

        of Action, which claims should be dismissed with prejudice;

3. Plaintiffs' Motion to Amend (ECF 65) be GRANTED IN PART and DENIED IN PART

    as set forth herein and that Plaintiffs be permitted to file a Third Amended Complaint

    with only causes of action and supporting factual allegations for the fraud, breach of

    contract, fraud in the inducement, constructive fraud, civil conspiracy, breach of fiduciary

    duty, and aiding and abetting breach of fiduciary duty claims against Defendants Ludlow

    and Priority; and

4. Plaintiffs' claims against Defendant Watts be dismissed without prejudice.

**NOTICE**

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28 April 2020.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah